Sarah E. Davenport, WSBA No. 45269
Nicoll, Black Altenbrun & Feig, PLLC
1325 Fourth Avenue, Suite 1650
Seattle WA 98111
Telephone: (206) 838-7555
*Attorney for Defendant Safeco Insurance Company of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

SKYLER and DEBORAH KLINGINSMITH,

                 Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

                 Defendant.

No.: 4:25-cv-5092

**NOTICE OF REMOVAL**

**REMOVED FROM THE SUPERIOR COURT OF WASHINGTON FOR BENTON COUNTY, CAUSE NO. 25-2-01426-03**

**TO:**       **THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WASHINGTON AT RICHLAND**

**AND TO:**   **PLAINTIFFS AND PLAINTIFFS' COUNSEL**

Defendant Safeco Insurance Company of America ("Safeco") hereby gives notice this matter is removed to the United States District Court for the Eastern District of Washington at Richland pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Complaint filed in the matter of *Skyler and Deborah Klinginsmith v.*

NOTICE OF REMOVAL - 1
(Case No. 4:25-cv-5092)

LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

*Safeco Insurance Company of America*, Superior Court of Washington for Benton County Case No. 25-2-01426-03, attached as Exhibit 1 to Declaration of Sarah E. Davenport in Support of Notice of Removal ("Davenport Decl.").

On or about May 13, 2025, Plaintiffs Skyler and Deborah Klinginsmith submitted a Washington Insurance Fair Conduct Act ("IFCA") Notice, pursuant to RCW 48.30.015(8)(a), to the Office of the Insurance Commissioner giving notice of intent to bring suit against their insurer, Safeco, "for breaches of Washington law and the Washington Administrative Code" and "bad faith conduct in the investigation and adjustment of their claim" in connection with alleged property damage at Plaintiffs' home, located at 4107 S. Palouse St., Kennewick, Washington 99337. Davenport Decl. Ex. 2.

On or about June 17, 2025, Plaintiffs filed a Complaint in the Superior Court of Washington for Benton County styled *Skyler and Deborah Klinginsmith v. Safeco Insurance Company of America*, Case No. 25-2-01426-03 (the "Complaint"). *See* Davenport Decl. Ex. 1.

On or about June 23, 2025, Plaintiffs served the Summons and Complaint on the Washington State Office of the Insurance Commissioner ("OIC"). Davenport Decl., Ex. 3. The OIC accepted service on June 23, 2025, and issued a certificate of service on June 24, 2025. *Id.* Safeco received the Summons and Complaint on June 27, 2025. *Id.*

In compliance with 28 U.S.C. § 1446(a), a copy of this Notice of Removal will be filed with the Benton County Superior Court, and a copy of that state court notice is attached hereto as Davenport Decl., Ex. 4. Pursuant to 28 U.S.C. § 1446, Safeco files with this Notice of Removal copies of all records and proceedings in the state court case. Davenport Decl. Ex. 5.

NOTICE OF REMOVAL - 2
(Case No. 4:25-cv-5092)

LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

By filing this Notice of Removal, Safeco does not waive, but rather expressly reserves, all rights, defenses, and objections of any nature they may have to Plaintiffs' claims.

### A.     Basis for Jurisdiction in Federal Court

This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 and thus may be removed to this Court pursuant to 28 U.S.C. § 1441.

#### 1.     *Diversity of Citizenship.*

Federal diversity jurisdiction exists because the citizenship of the parties is diverse. On information and belief, Plaintiffs are domiciled in, and therefore citizens of, Washington. *See* Davenport Decl. Ex. 1 at ¶ 1.1; Exs. 2 and 6-7; and ¶¶ 7-10. Defendant Safeco is a corporation organized under the laws of the state of New Hampshire with its principal place of business in Boston, Massachusetts. Davenport Decl. Exs. 8-10. As such, Safeco is a citizen of both New Hampshire and Massachusetts.

The citizenship of an individual is determined by their state of domicile. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home, where they reside with the intention of remaining or to which they intend to return. *Id.; see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). To assess an individual's domicile, the court may evaluate a number of factors, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew,* 797 F.2d at 750. Applied here, Plaintiffs allege residency in Washington, and own and pay taxes on

NOTICE OF REMOVAL - 3
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

property located in Washington. *See* Davenport Decl. Ex. 1 at ¶ 1.1; and Ex. 6. Plaintiffs are also registered to vote in Washington. *See* Davenport Decl., Ex. 7. Taken together, the Plaintiffs' allegation of residency, their ownership of and tax records for property in Washington, and their registration to vote in Washington, all demonstrate Plaintiffs are citizens of Washington.

In order to determine citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC §1332(c)(1). The "principal place of business" is determined by the corporation's "nerve center," which is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," and is "typically found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 130 S.Ct. 1181, 1186 (2010). Applied here, Safeco is a corporation organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Davenport Decl. Exs. 8-10. Accordingly, Safeco is a citizen of both New Hampshire and Massachusetts.

Importantly, the citizenship of a parent company or owner of a corporation does not affect the citizenship of a corporation. *See, e.g., Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013) (it is a "well-established rule that a parent corporation maintains separate citizenship from a subsidiary unless it has exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities"); *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 62-63 (1st Cir. 1993) ("in determining a corporation's principal place of business, [the] inquiry must focus solely on the business activities of the corporation whose principal place of business is at

NOTICE OF REMOVAL - 4
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

issue"); *Elite Integrated Medical, LLC v. New World Communications of Atlanta, Inc.*, 2021 WL 1663444, at *3 (N.D. Ga. Apr. 28, 2021) ("Courts should be hesitant to disregard distinctions among the various corporate entities that often comprise large business enterprises such that the brain of every related subsidiary corporation is that of the parent") (internal quotations omitted). *See also, DeLuca v. Allstate New Jersey Ins. Co.,* 2011 WL 3794229 (D.N.J. Aug. 25, 2011) (finding subsidiary defendant's principal place of business was in New Jersey, not Illinois, although parent company was located in Illinois, defendant subsidiary's board of directions met in Illinois, and a number of defendant's officers worked in Illinois); *Astra Oil Trading NV v. Petrobras America, Inc.,* 2010 WL 3069793, at *8 (S.D. Tex. Aug. 4, 2010) (explaining where the corporate separation between a parent and subsidiary is real and carefully maintained, the separate place of business of the subsidiary is recognized in determining jurisdiction, even where parent company exerts some control; finding that subsidiary's business was directed from California, even though the parent company made significant decisions from Europe). Accordingly, the citizenship of the corporations that own Safeco is immaterial to determining Safeco's citizenship.

In contrast, unincorporated entities, such as limited liability companies ("LLCs"), partnerships, and limited liability partnerships ("LLPs"), are citizens of all states where each of their members or partners is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016-17 (2016) ("[s]o long as such an entity is unincorporated, we apply our oft-repeated rule that it possesses the citizenship of all its members") (internal quotation omitted); and *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 F. App'x 62, 64 (9th Cir. 2011) ("[f]or purposes of diversity jurisdiction, a limited partnership is a

NOTICE OF REMOVAL - 5
(Case No. 4:25-cv-5092)

LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

citizen of all of the states of which its partners are citizens, and a limited liability corporation is a citizen of all of the states of which its owners/members are citizens"). Here, Safeco is not an unincorporated entity, so this analysis does not apply, and its citizenship is based on its place of incorporation (New Hampshire) and its principal place of business (Massachusetts).

Based on the foregoing, diversity of citizenship exists because Plaintiffs are citizens of Washington, and Safeco is a citizen of New Hampshire and Massachusetts.

### 2.    *Amount in Controversy.*

The amount in controversy exceeds $75,000. Plaintiffs seek payment for alleged damage to their home at 4107 S. Palouse St., Kennewick, Washington, caused by a motor vehicle on August 17, 2024. Davenport Decl. Ex. 1 at ¶¶ 3.1 and 3.3; and Ex. 2. Plaintiffs allege Safeco insured Plaintiff's home at the time of the alleged loss under a homeowners policy issued to Plaintiffs. Davenport Decl. Ex. 1 at ¶¶ 3.2 and 3.3; and Ex. 2.

While Plaintiff's Complaint is silent as to the amount of damage and loss they believe they are entitled to, Plaintiff's IFCA Notice alleges, among other things, they have been unable to begin rebuilding their home, and they continue to live in temporary housing. Davenport Decl. Ex. 2. The IFCA Notice also specifically alleges "the Klinginsmiths' contractor's repair estimate is currently over $240,000 for the structure repairs and does not include the significant fencing and landscape expenses necessary to restore the property following the loss." *Id*.

Treble damages, such as those Plaintiffs seek in their Complaint under RCW 48.30.015(2), are included within the amount in controversy when the plaintiff is permitted to recover those damages under applicable law. *See, e.g.,*

NOTICE OF REMOVAL - 6
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

*Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount" (footnote omitted)); *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) ("[w]hen calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to" the plaintiff); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) ("[a]ppellants' final contention is that they are entitled to punitive damages, which may be added to the amount in controversy in order to reach the jurisdictional amount"); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 460-61 (D. Md. 2013) ("[t]rebled damages are considered when determining the amount in controversy"). If Plaintiffs are awarded the total amount sought in their IFCA Notice and Complaint just for the alleged contractor's repair estimate, they would be awarded over $240,000, which exceeds the jurisdictional threshold, not even taking into account the total amount of damage Plaintiffs claim. However, if that $240,000 were trebled, as Plaintiffs plead for in their Complaint, then just for that claim, the total amount sought by Plaintiffs is $720,000, which exceeds the jurisdictional minimum of $75,000.

Likewise, the CPA statutorily allows for an award of "actual damages ... together with the costs of the suit, including a reasonable attorney's fee" and "the court may, at its discretion, increase the award of damages up to an amount not to exceed three times the actual damages … [but] not exceed twenty-five thousand dollars." RCW 19.86.090. Like treble and punitive damages, attorney fees may be included in calculating the amount in controversy where they are statutorily authorized. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir.

NOTICE OF REMOVAL - 7
(Case No. 4:25-cv-5092)

LAW OFFICES OF
NICOLL BLACK ALTENBRUN & FEIG
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

2005) ("[t]he amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract"); *see also Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F.Supp.3d 856, 871 (W.D. Wa. 2021) (when calculating amount in controversy for purposes of diversity jurisdiction, court included statutory attorney fees pursuant to CPA). Accordingly, Plaintiffs' claim for damages, attorney fees, and costs under the CPA also factor into the amount in controversy.

Based on the foregoing, Safeco reasonably believes the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

### B. Priority and Timeliness of Removal

Under 28 U.S.C. § 1446(b), a lawsuit filed in state court may be removed to federal court within thirty (30) days from receipt of the initial pleading. "Receipt" for purposes of triggering a defendant's time to remove begins only once service of the summons and complaint have been properly effected. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.")

In addition to the above, a defendant's time to remove does not begin to run until the defendant receives actual notice of the lawsuit from the OIC. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) ("…serving the [Insurance] Commissioner did not provide the necessary notice to State Farm of the suit—that occurred only when State Farm's designated recipient received the complaint."). In the present matter, the OIC accepted

NOTICE OF REMOVAL - 8
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

service of Plaintiffs' lawsuit on June 23, 2025. Davenport Decl., Ex. 3. Safeco received the Summons and Complaint on June 27, 2025. *Id*. The present Notice of Removal is timely filed within thirty days after actual notice of the Summons and Complaint were received, as required by 28 U.S.C. § 1446(b).

### C.  Intradistrict Assignment.

Plaintiffs are residents of Benton County, Washington, which is also where Plaintiffs' Complaint was originally filed. *See* Davenport Ex. 1 at ¶ 1.1. This Court is within the district embracing the place where the state action is pending and, thus, this Court is the appropriate court of removal pursuant to 28 U.S.C. § 1441(a).

### D.  Conclusion.

WHEREFORE, Defendant Safeco gives notice that this action, now pending in the Superior Court of the State of Washington for Benton County as Case No. 25-2-01426-03 is hereby removed to this Court.

DATED this 24th day of July, 2025.

NICOLL BLACK ALTENBRUN & FEIG, PLLC

/s/ Sarah E. Davenport
Sarah E. Davenport, WSBA No. 45269
*Attorney for Safeco Insurance Company of America*

NOTICE OF REMOVAL - 9
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

# DECLARATION OF SERVICE

I, Ian McDonald, hereby declare and state as follows:

I am a citizen of the United States and a resident of the State of Washington; I am over the age of eighteen years and not a party to the within action; my business address is Nicoll Black Altenbrun & Feig PLLC, 1325 Fourth Avenue, Suite 1650, Seattle, WA 98101.

On the date set forth below, I caused to be served:

- **NOTICE OF REMOVAL**

in the within matter by arranging for a copy to be delivered on the interested parties in said action, in the manner described below, addressed as follows:

| | |
|---|---|
| Anthony L. Reiner, WSBA #50301<br>Maloney Lauersdorf Reiner, PC<br>1111 E. Burnside Street, Suite 300<br>Portland, Oregon 97214<br>E-Mail: tr@mlrlegalteam.com<br>Telephone: 503.245.1518<br>Facsimile: 503.245.1417<br>*Attorneys for Plaintiffs* | _____ VIA HAND DELIVERY<br> X    VIA FEDERAL EXPRESS<br>*for next day delivery*<br>_____ VIA U.S. MAIL<br> X    VIA E-MAIL |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 24, 2025, at Seattle, Washington.

_____
Ian McDonald

NOTICE OF REMOVAL - 10
(Case No. 4:25-cv-5092)

LAW OFFICES OF
**NICOLL BLACK ALTENBRUN & FEIG**
A PROFESSIONAL LIMITED LIABILITY COMPANY
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515